N/A
NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RAHUL SHAH, M.D., on assignment of GABRIELLE G., | |
| Plaintiff, | Civil No. 16-8892 (RBK/AMD) |
| v. | **OPINION** |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and BLUE CROSS BLUE SHIELD OF ILLINOIS, | |
| Defendant. | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendant Health Care Service Corporation's ("Defendant") motion to dismiss (Doc. No. 33) Plaintiff Rahul Shah, M.D.'s ("Plaintiff") amended Complaint (Doc. No. 28). For the reasons discussed below, this motion is **GRANTED** as to Counts Three, Four, and Five of Plaintiff's Complaint, and **DENIED** as to Count Two.

**I.     BACKGROUND**[1]

This dispute is about unpaid medical bills. Plaintiff is a medical provider located in Cumberland County, New Jersey. (Am. Compl. at 1). Defendant is a business engaged in providing and/or administering health care plans or policies. (*Id.* at 2). It does so in New Jersey.

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

1

(*Id.*). On March 3, 2014, and September 24, 2014, Plaintiff provided medically necessary and reasonable services to a patient named Gabrielle G. ("Patient"). (*Id.*). Patient then assigned her benefits to Plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq*. (*Id.*). Pursuant to this assignment, Plaintiff then prepared a Health Insurance Claim Form and formally demanded reimbursement in the amount of $887,102.00 from Defendant for the services rendered to Patient. (Am. Compl. at 2-3).

Defendant has paid $20,426.01 of that bill. (*Id.* at 3). Plaintiff engaged in the applicable administrative appeals process maintained and operated by Defendant. (*Id.*). Plaintiff further requested—among other items—a copy of the Summary Plan Description ("SPD"), Plan Policy, and identification of the Plan Administrator/Plan Sponsor. (*Id.*). Defendant produced the SPD in discovery. (Am. Compl. at 3). The SPD states that surgical treatment performed by an out-of-network physician is paid at "60% after deductible is met." (*Id.*, Ex. F.). The SPD also states that the out-of-pocket maximum for an individual is $5,600. (Am. Compl. at 3). Defendant is the Claim Administrator for the applicable Plan for Patient, and taking into account any known deductions, copayments and coinsurance, this results in an underpayment of $861,075.99. (*Id.*).

Plaintiff has thus brought suit for: breach of contract (Count One); failure to make all payments pursuant to member's plan under 29 U.S.C. § 1132(a)(1)(B) (Count Two); Defendant's breach of fiduciary duty and co-fiduciary duty under 29 U.S.C. § 1132(a)(3), § 1104(a)(1), and § 1105(a) (Count Three); Defendant's failure to establish reasonable claims procedures under 29 C.F.R. 2560.503-1 (Count Four); Defendant's failure to establish a summary plan description in accordance with 29 U.S.C.A. § 1022 and 29 C.F.R. § 2520.102-2 (Count Five); and Defendant's failure to provide a copy of the summary plan description upon written request in violation of 29

U.S.C.A. § 1024 (Count Six). (*See* Am. Compl.). Counts One and Six were dismissed with prejudice by stipulation by the parties. Counts Two, Three, Four, and Five remain.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This rule rests on the concern that considering documents outside the complaint would prejudice the plaintiff, who would lack notice to challenge them. *Id.* However, a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (citations and quotations omitted). "Where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint," it removes the risk of prejudice. *Id.* (citing *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993)). This exceptions seeks to prevent "the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id.*

**III. DISCUSSION**

For the reasons discussed below, Defendant's motion to dismiss is granted as to Counts Three, Four, and Five, and denied as to Count Two.

<u>Defendant's Motion To Dismiss Count Two Is Denied Because Plaintiff Has Plead Facts That Plausibly Establish A Claim For Wrongful Denial Of Benefits Against Defendant.</u>

Defendant claims that this Court should dismiss Count Two because Defendant is not the proper defendant in a claim for wrongful denial of benefits under ERISA § 502(a)(1)(B). "[T]he Third Circuit has expressly held that in a § 1132(a)(1)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only)." *Lewis v. United Food & Commercial Workers Local Union 464A*, No. 2:14-cv-07467-JLL-JAD, 2015 WL 4414586, at *3 (D.N.J. July 17, 2015) (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 301 (3d Cir. 2007)).

4

Defendant's briefing draws a distinction between the plan administrator and the claims administrator. (*See* Def. Br. at 4). But, as the Third Circuit states in *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, 311 F. App'x 556, 558 (3d Cir. 2009), "the proper defendant [in a claim for wrongful denial of benefits] is the plan itself or a person who controls the administration of benefits under the plan." Put simply, Plaintiff has plead facts that plausibly establish that Defendant controls the administration of benefits under the plan. *Iqbal*, 556 U.S. at 680.

Defendant's motion for summary judgment as to Count Two is therefore denied.

<u>Count Three Is Dismissed Because The Relief Plaintiff Demands Is Legal And Not Equitable In Nature And Count Three Is Duplicative Of Count Two.</u>

29 U.S.C. § 502(a)(3) "[is a] catchall' provision [] . . . [that] act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Under a § 502(a)(3) claim, Plaintiff may only be entitled to "equitable relief, meaning only relief that was traditionally available in courts of equity . . . [and] only applies where the participant or beneficiary is seeking a remedy that is *not otherwise recoverable* under § 502." *Stallings ex rel. Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *10 (D.N.J. Sept. 8, 2009) (emphasis added).

Here, Plaintiff relies on *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) in an attempt to establish that a Plaintiff may sue under § 503(a)(3) for money. (*See* Pl. Rep. at 5). But that case involved the reformation of a contract—this case is about money damages arising from an already-existing one. Payment under an existing contract constitutes legal relief. *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Bollinger*, No. 13-2760, 2013 WL 4502083, at *3

5

(D.N.J. Aug. 22, 2013), *aff'd*, 573 F. App'x 197 (3d Cir. 2014). Furthermore, Plaintiff's request for relief in Count Three is no different than his request for relief in Count Two.[2] As such, this is a duplicative claim that seeks duplicative, legal relief. It is therefore dismissed.

Count Four Must Be Dismissed As There Is No Private Right Of Action Under 29 C.F.R. 2560.503-1.

29 C.F.R. § 2560.503-1 does not provide a private right of action. *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 15-2819, 2016 WL 3000342, at *109 (3d Cir. May 25, 2016) ("there is no private right of action under § 503 of ERISA"); *Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield*, No. 15-8590, 2016 WL 4499551, at *11 (D.N.J. Aug. 25, 2016) (same); *Galman v. Sysco Food Servs. Of Metro N.Y., LLC*, No. 13-7800, 2016 WL 1047573, at *5 n. 4 (D.N.J. Mar. 16, 2016 (same).

Nevertheless, Plaintiff has attempted to bring a private cause of action under § 503. This cannot be done. Count Four must therefore be dismissed.

Count Five Must Be Dismissed Because It Is Not A Recognized Cause Of Action.

ERISA § 102 does not provide a cause of action for a party's failure to establish a Summary Plan Description. 29 U.S.C. § 1022; *Engers v. AT&T*, 428 F. Supp. 2d 213, 234 (D.N.J. 2006). Nevertheless, Plaintiff demands monetary relief for Defendant's alleged failure to establish a Summary Plan Description under ERISA § 102. (*See* Compl.). Because § 102 does not allow for such an action, Count Five must be dismissed.

---

[2] As Defendant argues, Plaintiff does "not allege facts that, if proven, establish a breach of fiduciary duty . . . independent of the denial of benefits." *Prof'l Orthopedic Assoc., PA v. Horizon Blue Cross Blue Shield of N.J.*, No. 2:13-cv-3057, 2014 WL 2094045, at *4 (D.N.J. May 20, 2014). Instead, in both instances the alleged breach is entirely the same.

Plaintiff nevertheless asks this Court to consider Count Five under § 502 instead. (*See* Pl. Opp. Br. at 7-8). Such an amendment would be duplicative of Count Three, which must, itself, be dismissed. As such, any amendment would be futile. This Court also notes that it is not this Court's role nor responsibility to amend Plaintiff's Complaint for a second time. Count Five must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** as to Counts Three, Four, and Five of Plaintiff's Complaint, and **DENIED** as to Count Two.


Dated:   02/16/2018                                         s/Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge